IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Apr 23, 2008
FILED
JN APR 23 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>6554962 CANADA INC., *et al.*,<br><br>Defendants. | Civ. No.<br><br>08CV2309<br>JUDGE ASPEN<br>MAG. JUDGE ASHMAN |

### FEDERAL TRADE COMMISSION'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, Federal Trade Commission (the "FTC" or "Commission"), having filed its complaint in this matter seeking a permanent injunction and other equitable relief, including restitution for consumers injured by defendants' unlawful practices, moves this Court, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Federal Rule of Civil Procedure 65(b), for an *ex parte* temporary restraining order. In support of this motion, the Commission states as follows:

1. As detailed in the Commission's Memorandum in Support of Its *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and the accompanying declarations and exhibits, defendants have been operating, since at least 2006, a telemarketing scheme that has caused injury to consumers throughout the United States. Defendants have committed numerous violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

2. Defendants use various deceptive techniques to obtain consumers' bank account information and withdraw funds. In their telemarketing calls, defendants often avoid making a sales pitch. They do not, as required by the TSR, promptly and truthfully disclose their identity, the purpose of their calls, and the nature of the goods or services being offered. Instead, they frequently pretend to be calling from, or about, government benefit programs, or from consumers' banks. Many consumers have been deceived by these tactics, and have disclosed their account information to defendants, resulting in unauthorized withdrawals.

3. When defendants do make a recognizable sales pitch, it is fraudulent. Defendants offer consumers a plan or program supposedly entitling them to substantial discounts on prescriptions and medical services. However, after collecting $399, defendants send consumers a package containing a counterfeit and inoperative "discount" prescription card. When consumers complain to defendants and request refunds, defendants often engage in further deceptive conduct, promising refunds, but failing to pay them.

4. Defendants completely ignore the Do Not Call rules in the TSR, which prohibit telemarketing calls to consumers whose telephone numbers are listed on the National Do Not Call Registry. In fact, a substantial percentage of defendants' "sales" are made to consumers who defendants are not even permitted to call.

5. Defendants operate their scheme from a call center in Montreal, Canada, but they disguise their true location by using an auto repair shop as their official corporate address, and a maildrop in upstate New York for purposes of communicating with U.S. consumers.

6. To bring an immediate halt to defendants' scheme, and to preserve the potential for effective final relief, the Commission seeks an order:

(a) temporarily restraining defendants 6554962 Canada Inc., and Naeem Alvi,

        from further violations of the FTC Act and the TSR, as alleged in the Commission's complaint;

    (b)    temporarily freezing defendants' assets, and requiring them to complete financial disclosure statements;

    (c)    temporarily requiring the withholding of mail delivered to defendants' P.O. Box in Plattsbugh, New York, suspending collection of consumer payments to defendants, and prohibiting defendants from transferring or disclosing consumers' account information and other personal identifiers;

    (d)    temporarily restraining defendants from destroying or concealing documents, and requiring them to report new business activity;

    (e)    granting expedited discovery; and

    (f)    requiring defendants to show cause why this Court should not enter a preliminary injunction extending such temporary relief pending an adjudication on the merits.[1]

7.    *Ex parte* relief is necessary here. An *ex parte* temporary restraining order is warranted where the facts show that irreparable injury, loss, or damage will result before the defendant can be heard in opposition. *See* Fed. R. Civ. P. 65(b). Cases such as this, involving unfair and deceptive practices that violate the FTC Act and the TSR, fit squarely within the category of cases where *ex parte* relief is appropriate and necessary. As in other cases in this

---

[1] The ten day duration for a temporary restraining order prescribed by Fed. R. Civ. P. 65(b) refers to business days. Fed. R. Civ. P. 6(a)(2) ("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.").

3

district where courts have granted the Commission *ex parte* restraining orders,[2] irreparable injury, loss, or damage will likely result if defendants receive notice of this motion.

8. The Commission's experiences have shown that defendants engaged in similar schemes have withdrawn funds and destroyed documents when they learned of the Commission's action. *See* Declaration in Support of *Ex Parte* Motion for Temporary Restraining Order and Application to File Papers Under Seal, filed concurrently herewith. Indeed, such behavior seems especially possible in this case given the pervasive nature of defendants' fraud, and their attempts to hide the true nature and location of their enterprise. Without an *ex parte* asset freeze, funds may not be available to satisfy a final order granting restitution to defrauded consumers.

9. Because the Commission seeks to avoid any notice to defendants from the filing of this action, it requests by separate application that the file in this matter be temporarily sealed, in accordance with Northern District of Illinois Local Rule 5.7(a). The FTC has not previously applied for the relief sought in this *ex parte* motion, or any similar relief, against these defendants. *See* Local Rule 5.5(d).

---

[2] *See, e.g., FTC v. 1522838 Ontario, Inc.*, No. 06 C 5378 (N.D. Ill. Oct. 4, 2006) (Gettleman, J.); *FTC v. Datacom Marketing*, No. 06 C 2574 (N.D. Ill. May 9, 2006) (Holderman, J.); *FTC v. Cleverlink Trading Ltd., et al.*, No. 05 C 2889 (N.D. Ill. May 31, 2005) (St. Eve, J.); *FTC v. 3R Bancorp, et al.*, No. 04 C 7177 (N.D. Ill. Nov. 17, 2004) (Lefkow, J.); *FTC v. 120194 Canada Ltd., et al.*, No. 04 C 7204 (N.D. Ill. Nov. 8, 2004) (Gottschall, J.); *FTC v. AVS Marketing, Inc., et al.*, No. 04 C 6915 (N.D. Ill. Oct. 28, 2004) (Moran, J.); *FTC v. 9094-5114 Quebec Inc., et al.*, 03 C 7486 (N.D. Ill. Oct. 23, 2003) (Leinenweber, J.); *FTC v. QT Inc., et al.*, 03 C 3578 (N.D. Ill. May 29, 2003) (St. Eve, J.); *FTC v. STF Group, Inc., et al.*, 03 C 977 (N.D. Ill. Feb. 12, 2003) (Zagel, J.); *FTC v. CSCT, Inc.*, 03 C 880 (N.D. Ill. Feb. 11, 2003) (Coar, J.); *FTC v. 1492828 Ontario Inc., et al.*, 02 C 7456 (N.D. Ill. Oct. 17, 2002) (Guzman, J.); *FTC v. Bay Area Bus. Council, Inc.*, 02 C 5762 (N.D. Ill. Aug. 15, 2002) (Darrah, J.).

WHEREFORE, the Federal Trade Commission respectfully requests that the Court grant its *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and enter the Commission's Proposed Temporary Restraining Order.

Respectfully submitted,

WILLIAM BLUMENTHAL
General Counsel

Dated: April 23, 2008

GUY G. WARD
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [telephone]
(312) 960-5600 [facsimile]
gward@ftc.gov

Attorney for Plaintiff
FEDERAL TRADE COMMISSION