APR 2 3 2008

# FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

APR 2 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | 08CV2309 |
| | ) | JUDGE ASPEN |
| v. | ) | MAG. JUDGE ASHMAN |
| | ) | |
| 6554962 CANADA INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION IN SUPPORT OF *EX PARTE* MOTION FOR TEMPORARY
## RESTRAINING ORDER AND APPLICATION TO FILE PAPERS UNDER SEAL

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Guy G. Ward submits the following declaration:

1.      I am an attorney employed by plaintiff Federal Trade Commission ("Commission" or "FTC") in the Midwest Regional Office in Chicago, Illinois.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would competently testify to the matters stated herein.

2.      Plaintiff has not attempted to notify defendants of the FTC's *Ex Parte* Motion for Temporary Restraining Order with Asset Freeze and Other Equitable Relief ("Motion"), nor should such notice be given, for the following reasons.

3.      The evidence set forth in the FTC's Memorandum in Support of its *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze and Other Equitable Relief, and in the accompanying declarations and exhibits, which I have personally reviewed, shows that defendants have engaged, and are likely to continue to engage, in a scheme to deprive U.S. consumers of substantial amounts of money through fraud and deception.

4.      As the evidence shows, since 2006, defendants have operated a telemarketing scheme targeting U.S. consumers, using various deceptive techniques to obtain bank account information and withdraw funds, often without authorization.  They have engaged in numerous violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. Part 310.  Defendants operate from Montreal, Canada, and disguise their true location by using an auto repair shop as their official corporate address, and a maildrop in upstate New York for purposes of communicating with U.S. consumers.  They have defrauded consumers in every state and the District of Columbia.

5.      Good cause exists to believe that immediate and irreparable damage to the Court's ability to achieve effective final relief for consumers in the form of monetary redress will occur from the sale, transfer, concealment, or other disposition by defendants of their assets, and from the destruction, transfer, concealment, or other disposition of their records if they are notified of the FTC's Motion prior to a hearing thereon.

6.      To the best of our knowledge, defendants are not aware that the FTC has uncovered evidence of their fraud and is filing an action against them.  In light of the pervasive nature of defendants' fraud, and the ease of transferring liquid assets, the FTC believes there is a significant risk that defendants may dissipate assets or destroy documentary evidence if they are notified of the FTC's intention to seek restitution for defrauded consumers.

7.      The following examples, provided on information and belief, illustrate the FTC's experience that defendants who receive notice of the FTC's intent to file or filing of an action alleging consumer fraud have immediately taken steps to dissipate or conceal assets and/or destroy documents:

    a.      In *FTC v. 4049705 Canada Inc.,* No. 04 C 4694 (N.D. Ill. 2004)

(Kennelly, J.), a telemarketing fraud case against sellers of business directories, Canadian authorities executed a search warrant on the business premises of Canadian defendants. The FTC subsequently filed its complaint, and its motion for a temporary restraining order with asset freeze, and provided notice to the defendants. The FTC subsequently discovered only through its own investigation that the defendants had made several transfers totaling approximately $70,000 after receiving notice of the FTC's action but before the asset freeze was imposed. The FTC was unable to recover the $70,000. The individual defendant was later held in contempt for transferring real estate in violation of the court-imposed asset freeze.

         b.       In *FTC v. Dennis Connelly, et al.*, SACV06-701 DOC (C.D. Cal. 2006), involving a debt reduction scheme, the FTC requested an *ex parte* TRO and asset freeze against all defendants. The court declined to issue an asset freeze against two of the three individual defendants and issued an order to show cause why an asset freeze should not issue as to them. The defendant whose assets were frozen and one of the other defendants then withdrew amounts totaling close to $750,000 from a joint account within 24 hours. The judge subsequently extended the asset freeze over all defendants. Approximately $420,000 was recovered.

         c.       In *FTC v. Intellinet.Com, Inc.*, No. CV-98-2140 CAS (C.D. Cal. 1998), the FTC obtained an *ex parte* TRO with an asset freeze and served the order on banks where the defendants were known or suspected to have accounts. While the person who was serving the TRO for the FTC was at one of the banks and speaking to a branch manager about the TRO, one of the defendants came into the bank, after having been served with the TRO, and attempted to withdraw money from his account there. He was unsuccessful.

         d.       In *FTC v. Equifin International, Inc.*, No. CV-97-4526 DT, 1997 U.S. Dist. LEXIS 10288 (C.D. Cal. 1997), after an *ex parte* TRO was entered against the corporate

3

defendants and their owner, and after the order was served on the corporate defendants but not on the individual, the individual directed an affiliate to withdraw bank funds from an account containing proceeds from the scam. Upon demand of the court-appointed receiver, the defendant ultimately returned the withdrawn funds.

        e.    In *FTC v. Intellicom*, No. CV-97-4572 TJH (C.D. Cal. 1997), the FTC obtained an *ex parte* TRO with an asset freeze, which it then served on banks at which the defendants were known to have accounts. One defendant, whose bank was served earlier in the day, called the bank and asked the branch manager to wire approximately $100,000 from an account that was specifically designated in the TRO as frozen. The branch manager encountered a red flag in the system, discovered the account had been frozen, and refused to release the funds.

        f.    In *FTC v. Thomas E. O'Day*, No. 94-1108-CIV-ORL-22 (M.D. Fla. 1994), the district court denied the FTC's request to issue a TRO with asset freeze *ex parte* and instead scheduled a hearing, with notice to the defendants, on the relief sought. Several days later, the Federal Bureau of Investigation executed a search warrant on the defendants' business premises at the same time the FTC served notice of its action and of the scheduled hearing. Within hours, an individual defendant withdrew approximately $200,000 from one of his bank accounts.

        g.    In *FTC v. United Consumer Services*, No. 94-CV-3164-CAM (N.D. Ga. 1994), the FTC attempted to serve a TRO with asset freeze upon a defendant who was traveling on business. When the defendant's lawyer notified his client of the order, the defendant went directly to his bank and removed $100,000 from a corporate bank account. The FTC learned of the withdrawal only after receiving the account statements from the bank. After being served with an order to show cause why the defendant should not be held in contempt for violating the

4

asset freeze, the defendant finally produced the money at a deposition.

      h.     In *FTC v. Lopinto*, No. CV S-93-561 (LDG) (D. Nev. 1993), the district court issued an *ex parte* TRO with an asset freeze. The order was served on a bank where one of the corporate defendants maintained an account. Before the bank could implement the freeze, the corporation withdrew $12,300 from the account.

      i.     In *FTC v. Academic Guidance Services*, No. 92-3001 (AET) (D.N.J. 1992), defendants discovered that the FTC intended to file a case against them (and seek an *ex parte* TRO) the following week. An informant told the FTC that the defendants then leased a document shredder and spent the weekend destroying documents, a fact subsequently confirmed by one of the defendants' employees.

      j.     In *FTC v. Osborne Precious Metals, Inc.*, No. CV-92-4194 AWT (C.D. Cal. 1992), the court issued an *ex parte* TRO on July 15, 1992. The court-appointed receiver and his representatives effected service of the order the following day: first at defendants' offices in Los Angeles, and, an hour later, at defendants' offices in Las Vegas. The receiver discovered that a number of business records in the Las Vegas offices had been destroyed shortly before his representatives arrived to secure the premises.

      k.     In *FTC v. Applied Telemedia Engineering and Management, Inc.*, No. 91-635 (S.D. Fla. 1991), the defendants were advised, pursuant to an agreement with the FTC, that the FTC had filed its complaint and intended to seek a TRO with an asset freeze from the court. When the FTC's agents went to the defendants' offices to serve process, they observed defendants removing boxes of documents from the premises. The FTC moved for, and received, an *ex parte* TRO the following day.

      l.     In *FTC v. American National Cellular, Inc.*, No. CV-85-7375 WJR (C.D.

Cal. 1985), the court issued an *ex parte* TRO with an asset freeze on November 12, 1985. A defendant learned of the court's ruling and immediately withdrew $1.2 million from his bank accounts before the banks were served with a copy of the freeze order. The defendant fled California and dissipated the money while living overseas.

8.    The FTC respectfully submits that it is in the interest of justice and the public interest that the FTC's Motion for Temporary Restraining Order with Asset Freeze and Other Equitable Relief be heard *ex parte*.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on April 23, 2008

GUY G. WARD
Attorney for Plaintiff
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5634 [Telephone]
(312) 960-5600 [Facsimile]

6

## FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") where appropriate. If you cannot fully answer a question, explain why.

2. In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

3. When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number being continued.

5. Type or print legibly.

6. An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

    (1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

    (2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

    (3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**       **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**       **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status: Active _____ Inactive _____ Dissolved _____

If Dissolved: Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**       **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

Initials _____

**Item 4.        Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |

**Item 5.        Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

**Item 6.        Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| | |
| | |
| | |
| | |
| | |

Initials _____

**Item 7.**    **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

| Name & Address | Business Activities | % Owned |
|---|---|---|
| | | |
| | | |
| | | |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

**Item 8.**    **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| Individual's Name | Business Name & Address | Business Activities | % Owned |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

**Item 9.**    **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date. A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

| Name and Address | Relationship | Business Activities |
|---|---|---|
| | | |
| | | |
| | | |

Page 4                                                Initials _____

**Item 10.**      **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Item 11.**      **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| | |
| | |
| | |
| | |

**Item 12.**      **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| | | |
| | | |
| | | |
| | | |
| | | |

Page 5                                                        Initials _____

**Item 13.**        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 14.**        **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status_____

Initials _____

**Item 15.**     **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## FINANCIAL INFORMATION

**REMINDER: When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**     **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |
| | | $ | $ | $ | $ | |

**Item 18.**     **Financial Statements**

Initials _____

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|--------------|-------------------------|---------------------|---------------------------|----------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Item 19.**      **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 17 above, provide the following summary financial information.

| | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|------|----------------------|------------|-------------|-------------|
| Gross Revenue | $ | $ | $ | $ |
| Expenses | $ | $ | $ | $ |
| Net Profit After Taxes | $ | $ | $ | $ |
| Payables | $ | | | |
| Receivables | $ | | | |

**Item 20.**      **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation. The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

**Item 21.**      **Government Obligations and Publicly Traded Securities**

Initials _____

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

## Item 22.       Real Estate

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____


## Item 23.       Other Assets

Page  10                                                                                          Initials _____

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**      **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**Item 25.**      **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


<u>Item 26.</u>        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


<u>Item 27.</u>        **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

### Item 28.    Credit Cards

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

| Name of Credit Card or Store | Names of Authorized Users and Positions Held |
|---|---|
| | |
| | |
| | |
| | |
| | |

### Item 29.    Compensation of Employees

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

### Item 30.    Compensation of Board Members and Officers

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

Initials _____

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.       Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

**Item 32.       Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

Item No. Document Relates To       Description of Document

Initials _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

_____  _____

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____        _____
(Date)                         Signature


                               _____
                               Corporate Position

Initials _____