IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | Civ. No. 08 C 2309 |
| Plaintiff, ) | |
| ) | Judge Martin C. Ashman |
| v. ) | |
| ) | |
| 6554962 CANADA INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PRELIMINARY INJUNCTION

The Court, having granted Plaintiff Federal Trade Commission's *Ex Parte* Motion for a Temporary Restraining Order With Asset Freeze and Other Equitable Relief; having entered an Order to Show Cause Why a Preliminary Injunction Should Not Issue; and having considered the record and being fully advised in the premises, hereby finds that:

1. This Court has jurisdiction over the subject matter of this case and over the parties;

2. Venue, process, and service of process are proper;

3. There is good cause to believe that Defendants 6554962 Canada Inc., d/b/a Union Consumer Benefits, and Naeem Alvi, have engaged in, and are likely to engage in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that the Commission is likely to prevail on the merits of this action;

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to provide effective final relief for consumers in the form of monetary restitution

will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by order of this Court. Therefore, there is good cause for the entry of the ancillary relief contained in this Order, including freezing the Defendants' assets and prohibiting the Defendants from destroying records;

5. Nothing herein shall be deemed an admission of wrongdoing by the defendants or a waiver of any defense or privilege;

6. Weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction with asset freeze, expedited discovery, and other equitable relief is in the public interest; and

7. No security is required of any agency of the United States for issuance of a restraining order. *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

1. **"Plaintiff"** means the Federal Trade Commission.

2. **"Defendant"** or **"Defendants"** means 6554962 Canada Inc., d/b/a Union Consumer Benefits, and Naeem Alvi, and each of them, by whatever names each may be known.

3. **"Asset"** or **"assets"** means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, funds, monies, and all cash, wherever located, and shall include both existing assets and assets acquired after the date of entry of this Order.

4. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

5. **"Person"** or **"persons"** means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

6. **"Customer"** means any person who has paid, or may be required to pay, for goods or services offered for sale or sold by any Defendant.

7. **"Consumer"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

8. **"Document"** or **"record"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a) and means:

   A. The original or a true copy of any written, typed, printed, electronically stored, transcribed, taped, recorded, filmed, punched, or graphic matter or other data compilations of any kind, including, but not limited to, letters, e-mail or other correspondence, messages, memoranda, inter-office communications, notes, reports, summaries, manuals, magnetic tapes or discs, tabulations, books, records, checks, invoices, work papers, journals, ledgers, statements, returns, reports, schedules, or files; and

   B. Any information stored on any desktop personal computer ("PC") and workstations, laptops, notebooks, and other portable computers, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another company facility, or stored offsite by a third-party, such as in a disaster recovery center; and computers and related offline storage used by Defendants' participating associates, which may include persons who are not employees of the company or who do not work on company

premises.

9. **"Financial institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

10. **"Assisting others"** means: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or any other marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing marketing services of any kind.

11. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services, or the payment of money, by means of the use of one or more telephones.

## ORDER

### I.

### PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, promotion, offering for sale, sale, or provision of any good or service, including, but not limited to, any medical or prescription discount

program or plan, are hereby restrained and enjoined from:

A. Making, or assisting others in making, any false or misleading statement or representation of material fact, expressly or by implication, including, but not limited to:

1. Misrepresenting, expressly or by implication, that Defendants are calling from, on behalf of, or are otherwise affiliated with government programs, such as Medicare or Social Security, or consumers' banks;

2. Misrepresenting, expressly or by implication, that Defendants will provide consumers with substantial discounts on medical care and prescriptions in exchange for a one-time fee; and

3. Misrepresenting, expressly or by implication, any fact material to a consumer's decision to purchase any good or service; and

B. Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

1. Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, expressly or by implication, that Defendants will provide consumers with substantial discounts on medical care and prescriptions in exchange for a one-time fee;

2. Section 310.3(a)(2)(vii) of the TSR, 16 C.F.R. § 310.3(a)(2)(vii), by misrepresenting, expressly or by implication, that Defendants are calling from, on behalf of, or are otherwise affiliated with government programs, such as Medicare or Social Security, or consumers' banks;

3. Section 310.4(a)(6) of the TSR, 16 C.F.R. § 310.4(a)(6), by causing billing information to be submitted for payment without the express informed consent of the consumer;

      4.      Section 310.4(d) of the TSR, 16 C.F.R. § 310.4(d), by failing to disclose in outbound telephone calls to consumers, truthfully, promptly, and in a clear and conspicuous manner: (1) the identity of the seller; (2) that the purpose of the call is to sell goods or services; and (3) the nature of the goods or services;

      5.      Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), by engaging in or causing others to engage in initiating an outbound telephone call to a person when that person's telephone number is on the National Do Not Call Registry; and

      6.      Section 310.8 of the TSR, 16 C.F.R. § 310.8, by initiating, or causing others to initiate, an outbound telephone call to a telephone number within a given area code without Defendants, either directly or through another person, first paying the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry; and

C.      Assisting others who violate any provision of Subsections A through B of this Section.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that:

A.      Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, except as stipulated by the parties, or as directed by further order of the Court, are hereby

Page 6 of 19

restrained and enjoined from:

1. Selling, liquidating, assigning, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, withdrawing, or otherwise disposing of any funds, real or personal property, or other assets or any interest therein, wherever located, including any assets outside the territorial United States, which are:

    a. In the actual or constructive possession of any Defendant; or

    b. Owned or controlled by, or held, in whole or in part for the benefit of, or subject to access by, or belonging to, any Defendant; or

    c. In the actual or constructive possession of, or owned or controlled by, or subject to access by, or belonging to, any corporation, partnership, trust or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, common carrier, payment processing agent, customs broker, commercial mail receiving and/or forwarding agency, commercial freight holding and/or forwarding agency, or other financial institution or depository institution of any kind either within or outside the territorial United States;

2. Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing Plaintiff prior notice and a reasonable opportunity to first inspect the contents in order to determine that they contain no assets covered by this Section;

3. Cashing any checks or depositing any payments from customers of

Defendants;

        4.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant;

        5.      Withdrawing, transferring, or otherwise disposing of any funds or other assets subject to this Order, for attorney's fees or living expenses, except by prior written agreement with counsel for the Commission specifying the amount to be released from the asset freeze, the purpose of the release, and the account or other asset from which the release will originate; provided that no attorney's fees or living expenses, other than those set forth in Subsection B of this Section, and only in accordance with the procedures set forth in Subsection B of this Section, shall be paid from funds or other assets subject to this Order until the financial statements required by Section III are provided to counsel for the Commission;

        B.      Notwithstanding the above, any Defendant may pay from personal funds reasonable, usual, ordinary, and necessary living expenses and attorney's fees, not to exceed $1,000, prior to the submission of the financial statements required by Section III. No such expenses, however, shall be paid from funds subject to this Order except from cash on the person of any Defendant, or from an account designated by prior written agreement with counsel for the Commission;

        C.      Defendants expressly reserve the right to apply to the Court for an order modifying this preliminary injunction to permit them to pay additional reasonable, usual, ordinary, and necessary living expenses and/or attorney's fees from frozen assets;

        D.      The funds, property, and assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order, including, without limitation,

those acquired by loan or gift. Defendants shall hold all assets, including, without limitation, payments, loans, and gifts, received after service of this Order; and

E. Unless they already have done so, Defendants shall immediately return all funds removed, on or after April 28, 2008, from bank accounts in the United States, Canada, or elsewhere, to the accounts from which the funds were removed. No later than five (5) business days after entry of this Order, Defendants shall provide to counsel for the Commission a complete accounting, by affidavit or declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, of all funds or other assets withdrawn, transferred, or otherwise disposed of, on or after April 28, 2008, and attaching copies of all documents and records relating to each such withdrawal, transfer, or disposition.

### III.

### FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that, unless previously submitted in full compliance with the Temporary Restraining Order entered in this case on April 24, 2008, no later than five (5) business days after entry of this Order, each Defendant shall provide to counsel for the Commission:

A. A completed financial statement, accurate as of the date of service of this Order, on the form served on Defendants with the Temporary Restraining Order entered in this case on April 24, 2008, for such Defendant individually, and for each corporation or business entity under which such Defendant conducts business or of which such Defendant is an officer, and for each trust of which such Defendant is a trustee. Said financial statement shall include assets held outside the territory of the United States. Defendants shall attach to their completed financial

statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules as called for by the instructions to the financial statements;

      B.     A completed statement, verified under oath, of all payments, transfers, or assignments of funds, assets, or property worth $1,000.00 or more since April 18, 2006. Such statement shall include: (1) the amount transferred or assigned; (2) the name, address, and telephone number of each transferee or assignee; (3) the date of the assignment or transfer; and (4) the type and amount of consideration paid by or to the Defendant. Each statement shall specify the name and address of each financial institution or brokerage firm at which the Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts; and

      C.     A completed Consent to Release of Financial Information (attached as **Attachment A** to the Temporary Restraining Order entered in this case on April 24, 2008) providing Plaintiff with access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States.

## IV.

## DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, or any person or other entity served with a copy of this Order shall:

      A.     Hold and retain within such entity's or person's control, and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the funds, documents, property, or other assets held by or under such entity's or person's control:

      1.      On behalf of, or for the benefit of, any Defendant or other party subject to Section II above;

      2.      In any account maintained in the name of, or subject to withdrawal by, any Defendant or other party subject to Section II above; and

      3.      That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section II above;

    B.      Deny access to any safe deposit boxes that are either:

      1.      Titled in the name, individually or jointly, of any Defendant or other party subject to Section II above; or

      2.      Subject to access by any Defendant or other party subject to Section II above;

    C.      Provide to counsel for the Commission, within three (3) business days, by facsimile or by overnight delivery, a sworn statement setting forth:

      1.      The identification of each account or asset titled in the name, individually or jointly, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section II above, whether in whole or in part;

      2.      The balance of each such account, or a description of the nature and value of such asset, as of the close of business on the day on which this Order is served, and if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

      3.      The identification and location of any safe deposit box that is either titled

in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant or other party subject to Section II above, whether in whole or in part; and

D. Within five (5) business days of a request from the FTC, provide to the FTC copies of all records or other documents pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

E. The assets and funds subject to this Section include existing assets and assets acquired after the effective date of this Order. This Section shall not prohibit transfers in accordance with any provision of this Order, or any further order of the Court.

## V.

## **DUTIES OF THIRD PARTIES TO WITHHOLD DEFENDANTS' MAIL**

**IT IS FURTHER ORDERED** that:

A. The Postmaster at any Post Office where Defendants maintain a P.O. Box, including, but not limited to P.O. Box 1803, Plattsburgh, New York 12901, upon being served with a copy of this Order, shall for the duration of this Order, retain and forward to Plaintiff all mail received that is addressed to any Defendant and/or addressed to any other name under which the Defendants are doing business, including, but not limited to "Union Consumer Benefits." This mail shall be forwarded to Plaintiff at the following address:

>Guy G. Ward, Esq.
>Federal Trade Commission
>55 W. Monroe Street, Suite 1825
>Chicago, Illinois 60603.

Plaintiff is authorized to open this mail, and shall make the contents available to counsel for Defendants, upon request, for review and copying while this case remains pending; and

B. Defendants, within five (5) business days of service of this Order, shall provide to counsel for the Commission a complete list of any P.O. Boxes (other than P.O. Box 1803, Plattsburgh, New York 12901) or other mailing addresses within the United States used by Defendants at any time from January 1, 2006 through the date of entry of this Order.

## VI.

## SUSPEND COLLECTION OF CONSUMER PAYMENTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from attempting to collect payment, from any consumer, for any medical or prescription discount program or plan sold by any Defendant, under any name, including, but not limited to, "Union Consumer Benefits."

## VII.

## DUTIES OF THIRD PARTIES PROCESSING PAYMENTS FOR DEFENDANTS

**IT IS FURTHER ORDERED** that any business entity or person providing any services or assistance in processing payments made by consumers to any Defendant, including, but not limited to, payments made by bank account debit or check, that receives actual notice of this Order by personal service or otherwise, is hereby restrained and enjoined from providing any

services or assistance in processing payments made by consumers to any Defendant, and from collecting any fees or charges in connection with providing such assistance.

## VIII.

## PRESERVATION OF RECORDS AND REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A. Failing to make and keep books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Defendants; and

B. Destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, contracts, agreements, customer files, customer lists, customer addresses and telephone numbers, correspondence, advertisements, brochures, sales material, training material, sales presentations, documents evidencing or referring to Defendants' products or services, data, computer tapes, disks, or other computerized records, books, written or printed records, handwritten notes, telephone logs, "verification" or "compliance" tapes or other audio or video tape recordings, receipt books, invoices, postal

receipts, ledgers, personal and business canceled checks (fronts and backs) and check registers, bank statements, appointment books, copies of federal, provincial, state or local business or personal income or property tax returns, and other documents or records of any kind, including electronically-stored materials, that relate to the business practices or business or personal finances of Defendants or other entities directly or indirectly under the control of Defendants; and

      C.      Creating, operating, or exercising any control over any new business entity, whether newly-formed or previously inactive, including, without limitation, any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## IX.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, directors, servants, employees, salespersons, independent contractors, attorneys, corporations, subsidiaries, affiliates, successors, and assigns, and all other persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

      A.      Selling, renting, leasing, transferring, or otherwise disclosing the name, address,

birth date, telephone number, email address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint; and

B.   Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint;

***Provided, however***, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## X.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, partner, division, sales entity, successor, assign, officer, director, employee, independent contractor, agent, attorney, and/or representative of any Defendant. Within five (5) business days following service of this Order by Plaintiff, Defendants shall serve on Plaintiff an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity Defendants served with a copy of this Order in compliance with this provision.

## XI.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or by first class mail, by agents and employees of

the Commission or any state, federal or international law enforcement agency, or by private process server, on: (1) Defendants; (2) any financial institution, entity, or person that holds, controls, or maintains custody of any documents or assets of any Defendant, or that held, controlled, or maintained custody of any documents or assets of any Defendant; or (3) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XII.

## CONSUMER REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the Commission.

## XIII.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Federal Rules of Civil Procedure 30(a), 34, and 45, the parties are granted leave, at any time after service of this Order, to:

    A.    Take the deposition, on three (3) calendar days' notice, of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of the Defendants, or their affiliates or subsidiaries; the nature and location of documents reflecting the Defendants' business transactions, or the business transactions of the Defendants' affiliates or subsidiaries; the location of any premises where Defendants, directly or through any third

party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of a person shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward the ten (10) deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made by facsimile or by overnight delivery; and

    B.    Demand the production of documents, on five (5) calendar days' notice, from any person, whether or not a party, relating to the nature, status, or extent of Defendants' assets, or of their affiliates or subsidiaries; the location of documents reflecting the business transactions of Defendants, or of their affiliates or subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action, provided that twenty-four (24) hours' notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data.

## XIV.

## CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings directed to the Commission shall be addressed to:

> Guy G. Ward, Esq.
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Phone]
> (312) 960-5600 [Fax]
> E-mail: gward@ftc.gov

ATT:- MR. Hector.

## XV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO STIPULATED:**

WILLIAM BLUMENTHAL
General Counsel

_____
Guy G. Ward
Federal Trade Commission
55 W. Monroe Street, Suite 1825
Chicago, Illinois 60603
(312) 960-5612
Attorney for Plaintiff
Federal Trade Commission

_____
Defendant Naeem Alvi, individually,
and on behalf of Defendant 6554962
Canada Inc.

_____ 6/4/08
Hector E. Lora
Cove & Associates, P.A.
225 South 21st Avenue
Hollywood, Florida 33020
(954) 921-1121
Attorney for Defendants 6554962
Canada Inc., and Naeem Alvi

**IT IS SO ORDERED.**

Dated: JUN 0 9 2008

_____
Hon. Martin C. Ashman
United States Magistrate Judge