UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 08CV2309

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

6554962 CANADA INC. d/b/a
Union Consumer Benefits; and

NAEEM ALVI,

    Defendants.
_____/

## ANSWER OF DEFENDANT, NAEEM ALVI

Defendant, NAEEM ALVI, by and through undersigned counsel, answers the Complaint For Permanent Injunction And Other Equitable Relief as follows:

1. Admitted.

2. Admitted.

3. Without knowledge as to whether venue properly lies in the Northern District of Illinois.

4. Admitted.

5. The first sentence is admitted. Denied that the corporate defendant currently transacts business in the Northern District of Illinois. Without knowledge as to whether the corporate defendant has transacted business in the Northern District of Illinois.

6. Admitted that defendant, NAEEM ALVI, is an officer and director of defendant, 6554962 CANADA INC. (the "corporate defendant"). Admitted that he

resides in the province of Quebec, Canada. Denied that he has personally transacted business in the Northern District of Illinois. Denied that he formulated, directed, or controlled the acts and practices of the corporate defendant alleged in the complaint. Admitted that he participated in conducting the business of the corporate defendant as a subordinate following orders from the true owner of the corporate defendant.

7. Admitted that the corporate defendant formerly sold medical discount plans to consumers in the United States and that it initiated or caused others to initiate outbound telemarketing calls to consumers in the United States to induce the purchase of said medical discount plans.

8. Admitted as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

9. Admitted as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Admitted that the corporate defendant operated a call center in Montreal, Canada for a period of time. Without knowledge as to whether the corporate defendant at other locations outside of the United States.

14. Without knowledge.

15. Admitted that that consumers were supposed to receive a package in the mail from "Union Consumer Benefits" and that the return address on the package was a post

office box in Plattsburgh, New York, not the corporate defendant's physical address. Without knowledge as to the contents of the package.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. Admitted.

20. Without knowledge.

21. Without knowledge.

22. Without knowledge.

23. Without knowledge.

24. Without knowledge.

25. Without knowledge.

26. Admitted.

27. Admitted as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

38. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

39. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

40. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

41. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

42. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

43. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

44. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

45. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

46. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

47. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

48. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

49. Without knowledge as to the corporate defendant. Denied as to defendant, NAEEM ALVI.

50. Admitted.

51. Admitted.

52. All averments of fact not specifically admitted herein are denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of June 2008 I served a true and correct copy of the foregoing pursuant to ECF as to Filing Users and pursuant to LR 5.5 as to any party who is not a Filing User or represented by a Filing User in the manner indicated:

Guy G. Ward, Esq.
Counsel for plaintiff, Federal Trade Commission
55 West Monroe St., Suite 1825
Chicago, Illinois 60603
Via email:  gward@ftc.gov

                                                s/ Hector E. Lora, Esq.
Cove & Associates, P.A.
Counsel for defendant, Naeem Alvi
225 South 21st Avenue
Hollywood, FL 33020
Tel.:  (954) 921-1121
Fax:  (954) 921-1621
Email:  hel@covelaw.com